UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 AND 9
Peter J. D'Auria, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-Mail: Peter.J.D'Auria@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Nest Global Solutions, LLC, | : | Case No. 23-18405(JKS) |
| | : | |
| Debtor. | : | Judge:  Honorable John K. Sherwood |
| | : | |

### OBJECTION BY UNITED STATES TRUSTEE TO DEBTOR'S APPLICATION FOR RETENTION OF PROFESSIONAL TO RETAIN WARREN LAW GROUP AS COUNSEL FOR DEBTOR

The United States Trustee (the "UST"), by and through counsel, and in furtherance of his duties pursuant to 28 U.S.C. § 586(a)(3) and (5), hereby objects to the Application of the above referenced Debtor to retain the Warren Law Group ("Warren Law") as bankruptcy counsel for the Debtor, for the following reasons:

### BACKGROUND

1. On September 26, 2023, Nest Global Solutions, LLC, the above captioned Debtor (the "Debtor") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code").  The Debtor has remained in possession of its assets and financial affairs pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On November 6, 2023, the Debtor filed the *Application for Retention of*

*Professional* (docket entry 17) (the "Application"). By way of the Application, the Debtor seeks approval for its retention of Warren Law as bankruptcy counsel in this pending chapter 11 case. Together with the Application, the Debtor filed the *Addendum to Certification and Disclosure Statement of Jorge R. Salva in Support of Application for Retention of Warren Law Group* (the "Salva Certification").

3. The Salva Certification discloses that Warren Law is currently representing the Debtor, and currently representing a number of insiders, as well as entities owned and/or controlled by insiders, in connection with the Wage Cases[1] as well as the ChainNinja Litigation.

## OBJECTION

*Review of Applicable Law:*

4. Professionals for a bankruptcy estate must be committed to protecting the estate's interests and be free of the "interests of any other person" so that their "basic judgment and responsibility to the estate" is not affected. *See*, *In re Philadelphia Athletic Club, Inc.*, 20 B.R. 328, 337 (E.D. Pa. 1982). A professional "should not place himself in a position where he may be required to choose between conflicting interests or duties." *See, id. See, e.g., In re 765 Assocs.*, 14 B.R. 449, 451 (Bankr. D. Hawaii 1981) ("[a]n attorney should not place himself in a position where he may be required to choose between conflicting duties.")

5. Under the clear language of 11 U.S.C. § 327(a), any professional employed by a debtor-in-possession must be "disinterested" and neither hold nor represent an interest adverse to the estate. *See*, 11 U.S.C. § 327(a). One court has described Section 327(a) as "a prophylactic provision designed to insure that the undivided loyalty and exclusive allegiance required of a

---

1 Capitalized terms not otherwise defined herein shall have the meaning as ascribed in the Application.

fiduciary to an estate in bankruptcy is not compromised or eroded." *See*, *In re Prudent Holding Corp.*, 153 B.R. 629, 631 (Bankr. E.D.N.Y. 1993).

6. Section 101(14), in turn, defines "disinterested person" as a person who does not have an "interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or, or interest in, the debtor, or for any other reason." *See*, 11 U.S.C. § 101(14).

7. Section 101(14)(C), referred to as the catch-all clause, "has been characterized as broad enough to include anyone who in the slightest degree might have some interest or relationship that would distract from the independent and impartial attitude which is required by the [Bankruptcy] Code." *See*, *In re Glenn Elec. Sales Corp.*, 89 B.R. 410, 413 (Bankr. D.N.J.), *aff'd*, 99 B.R. 596 (D.N.J. 1988); *see, also, In re Black Hills Greyhound Racing Ass'n*, 154 B.R. 285, 292 (Bankr. D.S.D. 1993).

8. Although not defined in the Bankruptcy Code, "adverse interest" has been interpreted in this District to mean:

> (1) to possess or assert any economic interest that would tend to lessen the value of the bankrupt estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or
> (2) to possess a predisposition under circumstances that render such a bias against the estate.

*See, In re Glenn Elec. Sales Corp.*, 89 B.R. at 413 (quoting *In re Star Broadcasting, Inc.*, 81 B.R. 835, 838 (Bankr. D.N.J. 1988)). In applying this definition, the court in *In re Glenn Elec. Sales Corp.* relied upon a trilogy of cases published from the District of Hawaii dealing with conflict of interests between debtors and counsel in bankruptcy proceedings.

9. The Third Circuit in *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463 (3rd Cir. 1998), determined that the District Court applied the wrong legal standard in disqualifying

trustee's counsel under Sections 327(a) and 101(14)(E). The Third Circuit held that:

> (1) Section 327(a), as well as § 327(c), imposes a per se disqualification as trustee's counsel of any attorney who has an actual conflict of interest; (2) the district court may within its discretion — pursuant to § 327(a) and consistent with § 327(c) — disqualify an attorney who has a potential conflict of interest and (3) the district court may not disqualify an attorney on the appearance of conflict alone.

*See, id.,* at 476. Any professional person that does not meet both the "no adverse interest" and "disinterested person" tests is disqualified from employment under Section 327(a). *See, In re BH&P Inc.*, 949 F.2d 1300, 1314 (3d Cir. 1991) (Section 327(a) "creates a two-part requirement for retention of counsel"). Thus, a professional that holds or represents an adverse interest is *per se* disqualified, and a professional that does not hold or represent an adverse interest is nevertheless disqualified unless it falls within the definition of "disinterested person" set forth in 11 U.S.C. § 101(14). *See, e.g.*, *United States Trustee v. Price Waterhouse*, 19 F.3d 138, 141 (3d Cir. 1994)(disqualified because not disinterested); *Michel v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 999 F.2d 969, 972 (6th Cir. 1993) (can lack disinterestedness without having adverse interest).

10. The dual representation of a corporation and its principal has been disfavored by various courts. *See, In re Straughn*, 428 B.R. 618, 624 (Bankr. W.D. Pa. 2010); *In re N. John Conzolo Assoc., Inc.*, 423 B.R. 735. 737 (Bankr. W.D. Pa. 2010). *See, also*, *In re Wynne Residential Asset Mgmt., LLC*, 2009 Bankr. LEXIS 4164 * 12 (Bankr. W.D.N.C. 2009)(stating flatly that "[s]imultaneous representation of a DIP and its owner(s) or its management is not permitted in Chapter 11"); *In re BH&P Inc.*, 949 F.2d 1300 (3d Cir. 1991)(same Chapter 7 trustee could not serve as Chapter 7 trustee for a debtor corporation and its principals where both filed Chapter 7 petitions); *In re Star Broadcasting, Inc.*, 81 B.R. 835 (Bankr. D.N.J. 1998)(court

denied same law firm from representing both a corporation and its sole shareholder who both filed Chapter 11 petitions); *In re Wiley Brown & Assocs.*, LLC, 2006 Bankr. LEXIS 1975 at * 12 (Bankr. M.D.N.C. 2006)(holding that conflict of interest precluded attorney from representing both debtor and an owner of the debtor, due in part to fact that owner was guarantor of debtor's largest debts).[2]

11. In *BH&P*, the Third Circuit determined the bankruptcy court has discretion in evaluating "multiple representation of related bankruptcy estates," but "should generally disapprove employment of a professional with a potential conflict, with certain possible exceptions." 949 F.2d at 1315-16. None of the exceptions apply here, which include when every competent professional in a particular field is already employed by a creditor or a party in interest in a large case or the possibility of a potential conflict becoming actual is remote. *See, id.*

12. "Where there are numerous, apparent conflicts, even if the court were to give the debtors and proposed counsel the benefit of every doubt, many courts conclude that the cumulative effect of even 'potential' conflicts of interest are of such significance and scope that the individual debtor and corporate debtor must each retain separate counsel." *See*, *In re Bryant*, 2011 Bankr. LEXIS 4651 * 6 and 7 (Bankr. E.D.N.C. 2011). *See*, *also*, *In re Straughn*, 428 B.R. at 627 (holding that the "efficiency and economy that may favor multiple

---

[2] Multiple representations that may be allowed in commercial settings, especially with the informed consent of the clients, may not be acceptable in bankruptcy. The Bankruptcy Code provisions dealing with conflicts of interest are generally much stricter that the comparable rules of professional conduct. *See, Hansen, Jones & Leta, P.C. v. Segal*, 220 B.R. 434 (D.Utah 1998) citing *In re Amdura Corp.*, 121 B.R. 862, 866 (Bankr. D. Colo. 1990). Consent by a Chapter 11 debtor to waive conflicts is insufficient to cure any actual or potential conflicts because the ultimate parties in interest are the bankruptcy estate's creditors. *See*, *In re Jeep Eagle 17*, 2009 Bankr. LEXIS 3614 * 5 (Bankr. D.N.J. 2009). *See*, *also*, *In re Git-N-Go, Inc.*, 321 B.R. 54, 60 (Bankr. N.D. Okla. 2004)(finding that debtor may not waive conflicts on behalf of the estate); *In re Plaza Hotel Corp.*, 111 B.R. 882, 891 (E.D. Cal. 1990)(noting that consent was product of same person "changing hats" and objection was raised which vitiated any consent).

representation must yield to the competing concerns affecting fairness to all parties involved and in protecting the integrity of the bankruptcy process").

13. In the *Straughn* case, the Court found it difficult to imagine a situation that would allow dual representation:

> [a]s a practical matter, given the nature of the relationship between a sole shareholder and the related corporation, it is difficult to imagine a situation where both parties in separate Chapter 11 cases could be represented by a single attorney. In most cases of this type, similar to the present situation, conflicts abound over issues such as the amount of the shareholder's salary, the appropriate amount of rental payments between the parties, joint liabilities or liabilities for which the shareholder serves as coobligor or guarantor, a debtor-creditor relationship between the parties, or situations in which transfers between the parties have occurred prior to the filing date. These types of relationships require debtor's counsel to analyze and ponder the effect of these actual and potential conflict situations in the bankruptcy context before the case is even filed. Where circumstances are presented that interfere with counsel's exercise of independent judgment on behalf of client and creditors, the wise choice is not to assume a dual representation relationship.

*See*, *Straughn*, 428 B.R. at 627-28.

**Objection Asserted:**

14. In the present case, as disclosed in the Salva Certification, Warren Law is currently representing the Debtor, and currently representing a number of insiders, as well as entities owned and/or controlled by insiders, in connection with the Wage Cases and the ChainNinja Litigation. Given such circumstances, Warren Law should not be allowed to represent both the corporate Debtor before this Court, and the individual insiders, at the same time. Such parties stand in adversity to each other, and may very well have adverse positions against each other as co-defendants in the litigations identified. This puts Warren Law in

conflict with the Debtor, as the firm has duties and obligations to competing interests in connection with this case.

15. In sum, in reviewing the facts and circumstances presented in the instant matter, together with the requirements of the Bankruptcy Code and the applicable case law, one law firm cannot simultaneously represent both the corporate bankruptcy estate of the Debtor, and the individual insiders, at the same time.

## CONCLUSION

16. For the foregoing reasons, the U.S. Trustee respectfully requests that the Application be denied, and grant any other relief that the court deems just and equitable.

                                                  ANDREW R. VARA
                                                  UNITED STATES TRUSTEE
                                                  REGIONS 3 AND 9

                                                  */s/ Peter J. D'Auria*
                                                  Peter J. D'Auria
                                                  Trial Attorney

DATED:   November 13, 2023