UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**SCARINCI HOLLENBECK, LLC**
**DAVID EDELBERG, ESQ. (022381983)**
150 Clove Road, 9th Floor.
Little Falls, New Jersey 07424
(201) 896-7701 (Tel)
(201) 896-7084 (Fax)
dedelberg@sh-law.com
*Proposed Counsel for Nest Global Solutions, LLC*

In Re:

NEST GLOBAL SOLUTIONS, LLC

Debtor.

Chapter 11

Case No.: 23-18405-JKS

**APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER PURSUANT TO
11 U.S.C. §§327(a), 328(a) AUTHORIZING THE DEBTOR TO RETAIN
SCARINCI HOLLENBECK, LLC AS COUNSEL**

TO:    THE HONORABLE JOHN K. SHERWOOD, U.S.B.J.

Nest Global Solutions, LLC (the "Debtor") respectfully submits this application (the "Application") to this Court for entry of an order pursuant to sections 327(a) and 328(a) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court, District of New Jersey (the "Local Bankruptcy Rules") authorizing and approving the employment and retention of Scarinci Hollenbeck, LLC (the "Scarinci Firm") as counsel to the Debtor *nunc pro tunc* effective November 14, 2023. The facts and circumstances supporting this Application are set forth herein and in the Certification of David Edelberg, Esq. (the "Edelberg Certification") is submitted herewith. In further support of this Application, the Debtor respectfully states as follows:

## BACKGROUND

1. On September 26, 2023 (the Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtor is a New Jersey limited liability corporation engaged in business owning and seeking to license or sell various technology owned thereby.

3. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor remains in possession of its assets and continues to operate and manage its business as a debtor-in-possession.

4. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334 and the standing order of reference entered by the United States District Court for the District of New Jersey.

5. Venue of the Debtor's chapter 11 case is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding under 28 U.S.C. §157(b)(2). The statutory predicates for the relief requested herein are sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2014-1.

## RELIEF REQUESTED

6. By this Application the Debtor seeks entry of an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) authorizing the Debtor to employ and retain the Scarinci Firm as counsel herein *nunc pro tunc* as of November 14, 2023.

7. The Debtor has selected the Scarinci Firm as its counsel because of the Scarinci Firm's extensive experience in matters of commercial insolvency and reorganization under the Bankruptcy Code, and because it believes that such firm is well qualified to represent it as debtor and debtor-in-possession. In addition, the attorneys employed by the Scarinci Firm are admitted

to practice before various United States District Courts and Courts of Appeals, and the Courts of the State of New Jersey.

8. The Debtor was previously represented by the Warren Law Group ("WLG"). The Debtor's prior application seeking to retain WLG was filed on or about November 6, 2023. Subsequently, due to the United States Trustee's (the "UST") objections to the Debtor's proposed retention of WLG, discussions between the Scarinci Firm and the Debtor commenced.

9. The UST's objections to the Debtor's retention of WLG were based upon WLG's continuing representation of several principals of the Debtor. As reflected in the Edelberg Certification, it appears that WLG will be merging into the Scarinci Firm, effective January 2024. I understand that WLG has terminated its representation of the Debtor's principals in order to address the objections previously filed by the UST.

10. On or about November 21, 2023, the Scarinci Firm received a retainer payment of $111,269.50 (the "Retainer") from the Debtor to be applied against fees and expenses of the Scarinci Firm in its representation of the Debtor in this chapter 11 case.

11. As set forth in the Edelberg Certification, other than as specifically disclosed therein, to the best of the Debtor's knowledge: (i) the Scarinci Firm is not a creditor of the Debtor and no

12. member of the firm is an equity security holder or insider of the Debtor; (ii) no member of the Scarinci Firm is or was, within two years of the Petition Date, a director, officer or employee of the Debtor, and (iii) the Scarinci Firm does not represent any interest materially adverse to the interest of the estate or any class of creditors, or equity security holders.

13. The Debtor believes that the employment of the Scarinci Firm is necessary and in the best interest of its estate, and that the Scarinci Firm is a "disinterested person" within the meaning of sections 101(14) and 327(a) of the Bankruptcy Code, as such is understood by the Debtor.

4895-9966-6580, v. 1

14. The Debtor requests that the Scarinci Firm's retention be made *nunc pro* tunc as of November 14, 2023 in order to allow the Scarinci Firm to be compensated for the work it performed for the Debtor starting on such date. Due to the Scarinci Firm's recent retention of the Scarinci Firm approximately two (2) months *after* the Petition Date, the Scarinci Firm was unable to become familiar with the Debtor's assets, liabilities and financial affairs prior to the Petition Date. Thus, the Debtor submits that retroactive approval of the Scarinci Firm's retention to November 14, 2023 is warranted. *See, e.g.*, *F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.)*, 844 F.2d 99, 103 (3d Cir. 1988), *cert. denied*, 488 U.S. 852 (1988); *Indian River Homes, Inc. v. Sussex Trust Co.*, 108 B.R. 46, 51 (D. Del. 1989) (approval of debtor's employment of attorney and real estate agent as of a prior date was not an abuse of discretion).

15. No trustee, examiner or creditor's committee has been appointed in the Debtor's Chapter 11 case. A copy of this Application has been provided to the Office of the United States Trustee in accordance with Bankruptcy Rule 2014(a).

## NOTICE

16. In accordance with Local Bankruptcy Rule 2014-1(a), notice of this Application has been given to: (i) the Debtor; (ii) the Office of the United States Trustee; (iii) the Debtor's secured creditor; and (iv) all parties that have filed a notice of appearance herein. In light of the nature of the relief requested herein, the Debtor submits that no further notice is required.

WHEREFORE, the Debtor respectfully requests entry of an order substantially in the form submitted herewith (i) granting the Application and authorizing the Debtor to employ and retain the Scarinci Firm as its counsel on the terms set forth herein, and (ii) granting such other and further relief as is just and proper.

**Nest Global Solutions, LLC**

4895-9966-6580, v. 1

Dated: November 29, 2023        By: _____
                                                                             Lisa Canty, Managing Member